IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
(Nashville Division)

U. S. DISTRICT COURT - DE
MISC. CASE # 06-100

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) CASE NO. : 3:06-0360
) JUDGE HAYNES
CAPITAL ACROSS AMERICA, L.P. )
)
Defendant. )

2006 MAY 10 PM 2:58
FILED
CLERK US DISTRICT COURT
DISTRICT OF DELAWARE

## CONSENT ORDER OF RECEIVERSHIP

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Pursuant to the provisions of 15 U.S.C. §687c, this Court takes exclusive jurisdiction of CAPITAL ACROSS AMERICA, L.P. ("CAA") and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of CAA ("Receiver") to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshalling and liquidating all of CAA's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the general partners, officers, directors, managers, investment advisors and other agents of CAA under applicable state and federal law, by the agreement of limited partnership, and by-laws of said limited partnership, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred

upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The trustees, directors, officers, employees, managers, investment advisors and agents of CAA are hereby dismissed and the powers and authority of the general partner are suspended during the pendency of this receivership. Such persons shall have no authority with respect to CAA's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of CAA and shall pursue and preserve all of its claims.

3. The Receiver is entitled to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to CAA. The past and/or present general partners, officers, directors, managers, investment advisors, agents, trustees, attorneys, accountants, and employees of CAA, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to CAA and its assets and all other assets and property of the corporation, whether real or personal. Capital Across America, Inc., general partner of CAA, shall furnish a written statement within ten (10) days after the entry of this Order, listing the identity, location and estimated value of all assets of CAA as well as the names, addresses and amounts of claims of all known creditors of CAA. Within thirty (30) days following the entry of this Order, Capital Across America, Inc. shall also furnish a written report describing all assets. All persons or entities having control, custody or possession of any assets or property of CAA are hereby directed to turn such assets and property over to the Receiver.

4.  The Receiver shall promptly give notice of its appointment to all known general partners, officers, directors, agents, employees, shareholders, creditors and debtors of CAA, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation or debt to CAA shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if CAA had received such payments.

5.  The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of CAA, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any asset (including without limitation any claim), other than real estate.

6. CAA's past and/or present general partners, officers, directors, agents, accountants, managers, limited partners, shareholders, employees, debtors and creditors of CAA and other appropriate persons (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them in compliance with the Federal Rules of Civil Procedure, and pursuant thereto shall produce any documents as required by the Receiver regarding the business of said limited partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to CAA. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other discovery concerning the assets, property or business operations of CAA, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to CAA, the Receiver shall make its discovery request(s) in compliance with the Federal Rules of Civil Procedure.

7. The parties to any and all civil legal proceedings of any nature, excluding the instant proceeding, but including without limitation bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving CAA or any assets of CAA, including subsidiaries, partnerships and other business combinations of CAA, wherever located, or involving CAA, the Receiver, or any of CAA's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff,

third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding or any such asset. All civil legal proceedings of any nature, excluding the instant proceeding, but including without limitation bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving CAA or any assets of CAA, including subsidiaries, partnerships and other business combinations of CAA, wherever located, and excluding the instant proceeding, or involving CAA, the Receiver, or any of CAA's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of CAA against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against the commencement of legal proceedings is in effect as to that cause of action.

8. CAA and its past and/or present directors, officers, managers, general or limited partners, agents, investment advisors, employees and other persons acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of CAA to the detriment of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would

violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder ("Regulations"), 13 C.F.R. Part 107.

9. The Receiver is authorized to borrow on behalf of CAA, from the SBA, up to $500,000 and is authorized to cause CAA to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall be deemed to be administrative expenses of the Receivership.

10. This Court determines and adjudicates that CAA has violated the Act and the Regulations, as alleged in the Complaint filed against CAA in the instant action. After the foregoing activities are completed, the Receiver may submit a report to this Court recommending that CAA's SBA license be revoked.

SEEN AND AGREED BY CAPITAL ACROSS AMERICA, L.P. AND THE SMALL BUSINESS ADMINISTRATION, THROUGH THEIR DULY AUTHORIZED REPRESENTATIVES:

Capital Across America, L.P.
By: Capital Across America, Inc.    By: Whitney J Martin, CEO
Its: General Partner                 Its: CEO Of The General Partner

U.S. Small Business Administration   03-27-06
By: Thomas G. Morris
Its: Director, Office of SBIC Liquidation

SO ORDERED, DATED this 1st day of _____, 2006.

_____
UNITED STATES DISTRICT COURT JUDGE

6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | U.S. DISTRICT COURT - DE<br>MISC. CASE # 06-100 |
| Plaintiff, ) |  |
| v.  ) | Civil Case No. _____ |
| CAPITAL ACROSS AMERICA, L.P. ) |  |
| Defendant. ) |  |

COMPLAINT FOR RECEIVERSHIP
AND PERMANENT INJUNCTIVE RELIEF
UNDER 15 U.S.C. § 687c

**COMES NOW** Plaintiff, United States of America, on behalf of its agency, the

U.S. Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought under 15 U.S.C. § 687c by the United States of

America on behalf of its agency, the U.S. Small Business Administration (hereinafter,

"SBA"), whose central office is located at 409 Third Street, S.W., Washington, D.C.,

20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment

Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311 and 316, 15

U.S.C. §§ 687(d), 687c and 687h; and 28 U.S.C. § 1345.

1

3. Defendant, Capital Across America, L.P. ("CAA"), is a Delaware limited partnership pursuant to an agreement of limited partnership dated February 18, 1997.

4. CAA maintains its principal office and/or principal place of business at 501 Union Street, Suite 201, Nashville, Tennessee 37219. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h and 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. CAA was licensed by SBA as a small business investment company ("SBIC" or "Licensee") on June 17, 1998, SBA License No. 04/04-0273, under Section 301(c) of the Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the Act and the regulations promulgated thereunder.

6. The general partner of CAA is Capital Across America, Inc., a Delaware corporation with the same office address as CAA.

7. SBICs are intended to advance the interests of small businesses by providing financial assistance to small concerns. 15 U.S.C. § 661.

8. The Articles of Limited Partnership of CAA submitted to, and approved by, SBA expressly provide that CAA was organized solely for the purpose of operating under the Act and subject to regulations issued by SBA thereunder.

9. Section 308(c) of the Act, 15 U.S.C. § 687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

10. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee may be forfeited and the company may be declared dissolved.

11. Section 311 of the Act, 15 U.S.C. § 687c, provides that, whenever in the judgment of SBA, a Licensee, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and shall grant permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court may also appoint SBA to act as receiver for such Licensee.

12. In accordance with Sections 303(a) and 303(b) of the Act, 15 U.S.C. §683(a) and (b), SBA provided financing to CAA in the principal sum of $ 14,725,140. (Fourteen Million Seven Hundred and Twenty-Five Thousand One Hundred and Fourty Dollars)

with a face amount of Fifteen Million One Hundred Thousand Dollars through the purchase or guarantee of the following debentures (hereinafter, the "Debentures"):

| Loan Number | Issued Amount | Interest Rate | Issue Date |
| --- | --- | --- | --- |
| 04655951-02 | $500,000 | 7.240% | 02/25/1999 |
| 04655952-00 | 500,000 | 8.220% | 04/01/1999 |
| 04655953-09 | 500,000 | 8.220% | 04/01/1999 |
| 04655954-07 | 500,000 | 8.220% | 06/22/1999 |
| 04655955-05 | 500,000 | 8.220% | 06/22/1999 |
| 04655956-03 | 500,000 | 8.220% | 08/26/1999 |
| 04655957-01 | 250,000 | 8.220% | 08/26/1999 |
| 04655958-10 | 500,000 | 8.640% | 11/05/1999 |
| 04655959-08 | 200,000 | 8.640% | 02/01/2000 |
| 04655960-00 | 50,000 | 8.452% | 04/19/2000 |
| 04657651-05 | 500,000 | 8.640% | 02/01/2000 |
| 04657652-03 | 500,000 | 8.640% | 03/13/2000 |
| 04657653-01 | 500,000 | 8.452% | 04/19/2000 |
| 04657654-10 | 150,000 | 8.452% | 04/19/2000 |
| 04657655-08 | 250,000 | 8.452% | 06/21/2000 |
| 04657656-06 | 500,000 | 8.452% | 07/20/2000 |
| 04657657-04 | 300,000 | 8.452% | 07/28/2000 |
| 04659951-04 | 200,000 | 8.452% | 07/28/2000 |
| 04659952-02 | 500,000 | 8.452% | 08/18/2000 |
| 04659953-00 | 500,000 | 7.353% | 09/28/2000 |
| 04659954-09 | 500,000 | 7.353% | 10/11/2000 |
| 04659955-07 | 1,000,000 | 7.353% | 12/06/2000 |
| 04659956-05 | 200,000 | 7.353% | 12/06/2000 |
| 04661751-07 | 300,000 | 7.353% | 12/07/2000 |

| | | | | |
|---|---|---|---|---|
| 04661752-05 | | 500,000 | 7.353% | 01/30/2001 |
| 04661753-03 | | 500,000 | 7.353% | 01/30/2001 |
| 04661754-01 | | 500,000 | 7.353% | 01/30/2001 |
| 04661755-10 | | 500,000 | 7.353% | 01/30/2001 |
| 04661756-08 | | 200,000 | 6.886% | 08/08/2001 |
| 04661757-06 | | 500,000 | 6.886% | 0808/2001 |
| 04663651-05 | (1) | 211,834 | 6.154% | 01/11/2002 |
| 04663652-03 | (2) | 356,653 | 5.979% | 01/16/2002 |
| 04663653-01 | (3) | 356,653 | 5.979% | 01/16/2002 |
| 04663654-10 | | 500,000 | 5.670% | 06/18/2002 |
| 04663655-08 | | 250,000 | 5.628% | 01/22/2003 |
| 04663656-06 | | 250,000 | 5.628% | 01/22/2003 |
| 04663657-04 | | 200,000 | 5.628% | 01/22/2003 |

**Total Principal Provided**      $ 14,725,140

| LMI Debentures: | | | Discount between face & issue amount |
|---|---|---|---|
| 04663651-05 | (1) | 88,166 | $300,000 – 211,834 |
| 04863652-03 | (2) | 143,347 | $500,000 – 356,653 |
| 04663853-01 | (3) | 143,347 | $500,000 – 356,653 |
| **Total Face amount** | | **$ 15,100,000** | |

The "interest rate" for the Debentures includes SBA' annual fee.

13.   The Debentures are expressly subject to and incorporated by reference the Regulations, including but not limited to the provisions of 13 C.F.R. § 107.1810 and 107.1820 through 1850. Section 107.1810(g)(1) provides that the entire indebtedness of

5

an SBIC to SBA may be declared by SBA to be immediately due and payable upon the happening of certain events of default identified in 13 C.F.R. § 107.1810(f), including without limitation capital impairment and failure to pay SBA.

14. Based upon information and documents provided by CAA to SBA under CAA's reporting obligations under the Regulations, SBA determined that CAA was in violation of the Regulations by having a condition of Capital Impairment as determined under 13 C.F.R. § 107.1830.

15. By certified mail and facsimile transmission dated February 10, 2005 (the "Notice of Violation"), SBA notified CAA in accordance with 13 C.F.R. §§ 107.1810(f)(5) and (g)(1) that: (a) CAA was in violation of the Act and applicable regulations due to capital impairment; and (b) SBA had accelerated the indebtedness owed by CAA to SBA.

16. SBA provided CAA an opportunity to cure its violation of the regulations within the time period provided in the Regulations, 13 C.F.R. § 107.1810(g).

17. CAA failed to cure its violation of the Regulations due to capital impairment to the satisfaction of SBA as required by the Regulations under 13 C.F.R. § 107.1810(g).

18. CAA's failure to pay SBA all amounts due constitutes a further violation of the Regulations under 13 C.F.R. § 107.1810(f)(3).

19. Due to CAA's failure to cure its violation of the Regulations, SBA is authorized under 13 C.F.R. § 107.1810(g)(2) and 15 U.S.C. § 687c to institute these proceedings for the appointment of SBA as CAA's receiver.

20. On August 11, 2005, CAA remitted $2,000,000.00 to SBA, of which $1,066,525.70 was applied to the outstanding interest on all 37 debentures as of that date. After all interest outstanding on the non-LMI debentures was paid in full as of August 11, 2005, the remaining balance of $933,474.30 was applied to payoff the principal of $500,000 on loan number 04655958-10, $200,000 and on loan number 04655959-08 and a partial payoff of $233,474.30 on loan number 04657651-05. Accordingly, the total amount immediately due and owing to SBA from CAA as of December 31, 2005 is $ 14,389,022.02, plus per diem interest (which includes SBA's annual fees) accruing at the rate of $ 2,871.36 subsequent to that date.

### COUNT ONE

### CAA'S CAPITAL IMPAIRMENT IS A VIOLATION OF APPLICABLE SBA REGULATIONS AND THE ACT

21. Paragraphs 1 through 20, above, are hereby incorporated by reference as though set forth in their entirety herein.

22. SBA has determined that CAA is capitally impaired and thereby in violation of the Regulations, 13 C.F.R. §§ 107.1810(f)(5), 1810(g) and 1830.

23. CAA's violation of the Regulations for capital impairment entitles SBA to relief pursuant to 15 U.S.C. § 687c, including injunctive relief and appointment of SBA as Receiver of CAA.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays as follows:

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining CAA, its officers, agents, employees and other persons acting in concert or participation therewith from: (1) making any disbursements of Defendant's funds; (2) without the prior written consent of the receiver, using, investing, conveying, disposing, executing or encumbering in any fashion any or all funds or assets of Defendant, wherever located; or (3) violating the Act or the Regulations promulgated thereunder.

B. That this Court determine and adjudicate CAA's default and noncompliance with the Debentures and noncompliance and violation of the Act and the Regulations promulgated thereunder.

C. That pursuant to 15 U.S.C. § 687c, this Court take exclusive jurisdiction of CAA, and all of its assets, wherever located, appoint SBA as permanent receiver of CAA for the purpose of liquidating all of Defendant's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court, and pursuing causes of action available to CAA, as appropriate.

D.  That this Court direct entry of an order against CAA which also provides that CAA's license to operate as an SBIC shall be revoked upon the wind-up and conclusion of the receivership thereof.

E.  That this Court grant such other and further relief as may be deemed just and equitable.

This Complaint respectfully submitted by:

JAMES K. VINES
UNITED STATES ATTORNEY

Date: 4/18/06

Steve Jordan
Assistant United States Attorney
Office of the United States Attorney
110 Ninth Avenue, South – Suite A961
Nashville, TN 37203
Tel. (615) 736-5151
B.P.R. #013291

Thomas W. Rigby
Chief Counsel for SBIC Liquidation
Office of General Counsel, 7th Floor
U.S. Small Business Administration
409 Third St, S.W.
Washington, D.C. 20416

Attorneys for Plaintiff United States of America, on behalf of the Small Business Administration